UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DORETHEA FRANKLIN and LUTHER RAY,

                    Plaintiffs,

           v.                                    **DECISION AND ORDER**
                                                 04-CV-677S

BUFFALO MUNICIPAL HOUSING AUTHORITY (BMHA),
BMHA POLICE DEPARTMENT,
CHIEF RON CHRISTOPHER, LT. NOSTRANT,
OFFICER O'SHEA (O'SHA), OFFICER MAHONEY
and MONIQUE WIMES,

                    Defendants.

## I. INTRODUCTION

On August 19, 2004, Plaintiffs commenced the above-captioned action by filing a

Complaint in the United States District Court for the Western District of New York.

Presently before this Court is Defendants' Motion to Dismiss pursuant to Rule 12(b)(1) and

(6) of the Federal Rules of Civil Procedure.[1]   For the reasons discussed below,

Defendants' motion is granted as uncontested.   Further, this case is dismissed for

Plaintiffs' failure to prosecute.

## II. BACKGROUND

Plaintiffs' Complaint alleges Fourth Amendment violations under 42 U.S.C. §1983

against individual Defendants and the Buffalo Municipal Housing Authority ("BMHA").

Plaintiffs also seek recovery against individual Defendants under common law theories of

battery and negligence, and against the BMHA under theories of vicarious liability.

---

[1]In support of their motion, Defendants filed a memorandum of law and the Affidavit of John J.
Marchese, Esq., with attachments.  Plaintiffs, who are represented by counsel, did not file a response.

Specifically, Plaintiffs allege that on or about August 19, 2001, BMHA officers entered Plaintiff Franklin's home, conducted a warrantless search, pointed a gun at her 15-year-old nephew, arrested her without probable cause or due process, and deprived her of her liberty through incarceration.  (Complaint, ¶¶ 8, 25.)

Defendants filed a Motion to Dismiss under Rule 12(b)(1) and (6) on October 19, 2004.  On November 3, 2004, this Court issued a Scheduling Order directing Plaintiffs to respond to Defendants' motion on or before November 15, 2004.  Plaintiffs did not file a response by that date.

On November 24, 2004, this Court issued a Show Cause Order directing Plaintiffs to file a statement by December 3, 2004, showing cause why Defendants' Motion to Dismiss should not be granted as uncontested pursuant to Rule 7.1(e) of the Local Rules of Civil Procedure for the Western District of New York.  Plaintiffs again failed to file a statement as directed.

This Court issued a second Show Cause Order on January 19, 2005.  Therein, this Court warned Plaintiffs that they had one final opportunity to file a statement by January 31, 2005, showing cause why Defendants' Motion to Dismiss should not be granted as uncontested.  To this date, Plaintiffs have failed to respond and have failed to comply with any of the orders issued by this Court.

### III. DISCUSSION

Both federal and local rules of civil procedure provide grounds for dismissing a pending case where a party clearly shows no intention to continue litigating it.  For the reasons that follow, this Court finds that dismissal of the instant case is warranted under

Local Rule 7.1(e) and Rule 41(b) of the Federal Rules of Civil Procedure.

## A.    Dismissal Under Local Rule 7.1(e)

Local Rule 7.1(e) provides that:

> upon any motion filed pursuant to Federal Rules of Civil Procedure 12, 56 or 65(a), the moving party shall file and serve with the motion papers a memorandum of law and an affidavit in support of the motion and the opposing party shall file and serve with the papers in opposition to the motion an answering memorandum and a supporting affidavit. *Failure to comply with this subdivision may constitute grounds for resolving the motion against the non-complying party.*

Local Rule 7.1(e) (emphasis added).

Defendants' filed their Motion to Dismiss on October 19, 2004, more than nine months ago.  Plaintiffs were afforded three opportunities to respond to Defendants' motion and show cause why this case should not be dismissed.  Plaintiffs were repeatedly warned that Defendants' Motion to Dismiss could be granted as uncontested pursuant to Local Rule 7.1(e) if they failed to respond.  Given the procedural history of this case and the fact that Plaintiffs are represented by counsel, this Court finds that Plaintiffs' repeated failure to file a response as directed warrants granting Defendants' Motion to Dismiss as uncontested pursuant to Local Rule 7.1(e).

## B.    Dismissal For Failure to Prosecute

This case also warrants dismissal based on Plaintiffs' failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, which provides that:

> [f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies,

> a dismissal under this subdivision and any dismissal not
> provided for in this rule, other than a dismissal for lack of
> jurisdiction, for improper venue, or for failure to join a party
> under Rule 19, operates as an adjudication upon the merits.

FED. R. CIV. P. 41(b).

Where the defendants have not moved under Rule 41(b), a court may still dismiss a case under the rule *sua sponte*.  Link v. Wabash Railroad Co., 370 U.S. 626, 630-31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1982); Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 42 (2d Cir. 1982).  In Link, the Supreme Court noted that: "[t]he authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."[2] Link, 370 U.S. at 630-31.

Rule 41(b) does not define what constitutes failure to prosecute.  However, the Second Circuit has stated that failure to prosecute "can evidence itself either in an action lying dormant with no significant activity to move it or in a pattern of dilatory tactics." Lyell Theatre, 682 F.2d at 42.  Dismissal pursuant to Rule 41(b) falls within the court's discretion.  See id. at 42-43 ("the scope of review of an order of dismissal is confined solely to whether the trial court has exercised its inherent power to manage its affairs within the permissible range of its discretion").  It is, however, "a harsh remedy to be utilized only in extreme situations." Harding v. Fed. Reserve Bank, 707 F.2d 46, 50 (2d

---

[2] This authority is of ancient origins.  Under English common law, dismissal for lack of prosecution could be imposed if a plaintiff "suffer[ed] three terms to elapse without moving forward in the cause." United States ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 250 (2d Cir. 2004) (citing 3 William Blackstone, *Commentaries* *451 (Univ. Chicago Press 1979) (1768)).

Cir. 1983) (quoting <u>Theilmann v. Rutland Hosp., Inc.</u>, 455 F.2d 853, 855 (2d Cir. 1972) (per curiam)); <u>see</u> <u>also</u> <u>Chira v. Lockheed Aircraft Corp.</u>, 634 F.2d 664, 665 (2d Cir. 1980) (discussing the sanction of dismissal for failure to prosecute as "pungent, rarely used, and conclusive").

The following factors, none of which is dispositive, must be considered in determining whether dismissal for failure to prosecute is warranted: (1) the duration of the plaintiff's failures, (2) whether the plaintiff received notice that further delays would result in dismissal, (3) whether the defendant is likely to be prejudiced by further delay, (4) whether an appropriate balance has been struck between alleviating the court's calendar congestion and protecting the litigants' due process rights, and (5) whether lesser sanctions would be appropriate.  <u>See</u> <u>United States ex rel. Drake v. Norden Sys., Inc.</u>, 375 F.3d 248, 255 (2d Cir. 2004); <u>Nita v. Connecticut Dep't of Envtl. Prot.</u>, 16 F.3d 482, 485 (2d Cir. 1994); <u>Feurtado v. City of New York</u>, 225 F.R.D. 474, 477 (S.D.N.Y. 2004) (quoting <u>Jackson v. City of New York</u>, 22 F.3d 71, 74 (2d Cir. 1994)).  In the present case, these factors weigh in favor of dismissal.

### 1.    Duration of Plaintiffs' Failures

The relevant inquiry on this factor is twofold: (1) whether the plaintiff is at fault for failing to prosecute, and (2) whether the plaintiff's failures were of significant duration.  <u>See</u> <u>Norden Sys.</u>, 375 F.3d at 255.

In this case, Plaintiffs have failed in a number of ways.  With respect to the first inquiry, Plaintiffs failed to file papers required to prosecute their case on three separate occasions. First, Plaintiffs did not file a response to Defendants' Motion to Dismiss as

required by Local Rule 7.1(e) and as they were directed by this Court's Scheduling Order. Second, Plaintiffs failed to file a statement showing cause why Defendants' motion should not be granted as uncontested.   Third, Plaintiffs were warned that they had one last opportunity to file such statement by January 31, 2005 and again failed to comply with this Court's orders.   Clearly, the failures described above are attributable to Plaintiffs alone.

With respect to the second inquiry, which concerns the duration of Plaintiffs' failures, Plaintiffs' response to Defendants' motion was first due by November 15, 2004. Plaintiffs failed to respond by that date.   Plaintiffs were then given two additional opportunities to file a response and failed to do so.   Plaintiffs' failures have resulted in an eight-month period of delay.   The Second Circuit has upheld dismissal of cases involving even shorter periods of delay.   See Chira, 634 F.2d at 666-67 (delay of six months sufficient to warrant dismissal for failure to prosecute); Antonios A. Alevizopoulos & Assoc., Inc. v. Comcast Int'l Holdings, Inc., No. 99 Civ 9311, 2000 WL 1677984, at *2 (S.D.N.Y. Nov. 8, 2000) (delay of four months warranted dismissal).   Because all delay in this case is attributable to Plaintiffs and it is of significant duration, this factor weighs in favor of dismissal.

### 2.    Notice of Dismissal

The Second Circuit requires that the plaintiff receive adequate notice that the case could be dismissed due to inaction.   See Martens v. Thomann, 273 F.3d 159, 180-81 (2d Cir. 2001).   In the instant case, Plaintiffs had adequate notice.   Each of the two Orders to Show Cause issued by this Court warned Plaintiffs that Defendants' Motion to Dismiss their case could be granted as uncontested if they failed to respond in opposition to it.

6

Because Plaintiffs were put on notice twice that their case could be dismissed due to their own inaction, this factor strongly weighs in favor of dismissal. See Lyell Theatre, 682 F.2d at 42-43 (Rule 41(b) dismissal upheld where plaintiff was warned by opposing counsel and the court that dismissal for failure to prosecute was possible).

### 3.      Prejudice to Defendants

The third factor requires an inquiry into whether the defendant has been prejudiced by the plaintiff's inaction. "Prejudice to defendants resulting from unreasonable delay may be presumed, but in cases where delay is more moderate or excusable, the need to show actual prejudice is proportionately greater." Lyell Theatre, 682 F.2d at 43 (citations omitted). In Lyell Theatre, however, the court presumed prejudice where the plaintiff on numerous occasions failed to file documents as directed by the court. Id. at 39-40, 43. Similar to the present case, the plaintiff in Lyell Theatre continued to ignore the court's orders even after he had been warned that he was risking dismissal. Id. at 39. Under Lyell Theatre, the prejudice to Defendants in this case may be presumed. Thus, this factor weighs in favor of dismissal.

### 4.      Balance between Calendar Congestion and Due Process Rights

The fourth factor requires the court to consider the balance between calendar congestion and the plaintiff's right to present his or her case. See Norden Sys., 375 F.3d at 257. In this regard, "'a court must not let its zeal for a tidy calendar overcome its duty to justice.'" Feurtado, 225 F.R.D. at 480 (quoting Davis v. United Fruit Co., 402 F.2d 328, 331 (2d Cir. 1968)). While Plaintiffs failed to file court papers three times, this Court

cannot conclude that the overall effect on docket congestion has been significant.  This Court notes, however, that Plaintiffs have been afforded Due Process rights in that they have been provided numerous opportunities to prosecute this case.  In fact, this Court issued two Orders to Show Cause after Plaintiffs failed to file an opposition to Defendants' Motion to Dismiss.  Thus, Plaintiffs own failure to litigate this matter is not a denial of Due Process.  See Dodson v. Runyon, 957 F.Supp. 465, 470 (S.D.N.Y. 1997) ("any claim that plaintiff's due process rights were violated thus cannot prevail because the delay and resultant dismissal of plaintiff's case are of his own making"); cf. Feurtado, 225 F.R.D. at 480 (repeated failure to comply with court orders diminishes a plaintiff's right to present his claims).  Accordingly, this factor also weighs in favor of dismissal.

### 5.      Consideration of Lesser Sanctions

Finally, the Second Circuit requires district courts to consider whether lesser sanctions would sufficiently remedy any prejudice resulting from the plaintiff's inaction. See Norden Sys., 375 F.3d at 257.  Upon reviewing the entire record in this case, it is the opinion of this Court that Plaintiffs have no intention to continue litigating this case. Plaintiffs, through their counsel, have repeatedly ignored court orders by failing to respond to Defendants' motion and not offering any statement showing cause why the motion should not be granted as unopposed.  Given the procedural history of this case, this Court finds that any sanction short of dismissal would be ineffective.  See Smith v. Human Res. Admin. of New York City, 2000 WL 307367, at *3 (S.D.N.Y. Mar. 24, 2000) (finding lesser sanctions inappropriate where past court orders did not motivate the plaintiff to move the case forward); Alevizopoulos, 2000 WL 1677984, at 4 (finding lesser sanctions

inappropriate based on repeated failures to comply with court orders).  Thus, this final factor also weighs in favor of dismissal.


# IV. CONCLUSION

This Court concludes that Plaintiffs have failed to diligently prosecute this action in any manner, and have failed to comply with orders of this Court.  As such, this Court will grant Defendants' motion as uncontested pursuant to Local Rule 7.1(e).  In addition, because each of the factors relevant to the Rule 41(b) analysis favor dismissal, this Court will dismiss this case *sua sponte* for Plaintiffs' failure to prosecute.

# V.  ORDERS

IT HEREBY IS ORDERED, that Defendants' Motion to Dismiss (Docket No. 2) is GRANTED as uncontested pursuant to Local Rule 7.1(e).

FURTHER, that this case is dismissed for Plaintiffs' failure to prosecute pursuant to Rule 41(b).

FURTHER, that the Clerk of the Court is directed to close this case.

SO ORDERED.

Dated:       July 29, 2005
             Buffalo, New York

                                      /s/William M. Skretny
                                     WILLIAM M. SKRETNY
                                     United States District Judge